# Mahanoy City, Appellant, *v.* Hersker.

*Fines—Estoppel—Borough ordinance—License fees—Voluntary payments.*

A borough ordinance provided that no theatrical exhibition should be given without a license, with a penalty for each violation, and that the license fee should be $3.00 a day. The proprietor of a theater gave 306 exhibitions on separate days, and the borough demanded a license fee for each day. The demand being disputed, an ordinance providing for the granting of an annual license fee of $100 was duly passed by the borough council and advertised. The proprietor paid this fee to the secretary of council. The burgess vetoed the ordinance, but council by resolution accepted the payment, refusing, however, to issue the license. Demand for the return of the sum was made and refused, the money being paid over to the borough treasurer. The borough then demanded the payment of the $3.00 a day fee, which the proprietor refused to pay on the ground that an annual license fee had been paid. Suit to collect the day license fee was then brought. On appeal the Superior Court affirmed a judgment for the borough whereupon defendant paid to the treasurer $958.22, being the amount of the unpaid license fees and the judgment, interest and costs of the suit. The borough then brought suit to collect a penalty for each day a theatrical exhibition was given without having first obtained a license. *Held,* that as the borough had retained the $100 and had been at fault in having prematurely advertised the ordinance, and the delay in the payment of the $3.00 a day license fee being accounted for by reason of the litigation pending, it was the duty of the borough to return the $100 if it intended to deny the right to give exhibitions in pursuance thereof, and it was, therefore, estopped from making further collections.

Argued Feb. 13, 1911.    Appeal, No. 195, Jan. T., 1911, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1910, No. 78, on verdict for defendant in case of Borough of Mahanoy City v. Christiana Hersker. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for fines for violation of an ordinance. Before BRUMM, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* among others was in refusing binding instructions for plaintiff.

*T. H. B. Lyon*, for appellant.—The plaintiff is empowered to enforce a theatrical ordinance in a special manner, that is, by a fine, and it is limited to that manner. The ordinance itself provides that it shall be enforced by a fine, and that method is exclusive: Beltzhoover Borough v. Gollings, 101 Pa. 293; Santa Cruz v. Santa Cruz R. R. Co., 56 Cal. 143.

An implied promise to repay does not arise from the mere fact that the party has received money which he ought to repay.    There must be some fraud or constraint to support such an action: Bomgardner v. Blatt, 35 Pa. Superior Ct. 361; Edgar v. Shields, 1 Grant (Pa.), 361; Hinkle v. Eichelberger, 2 Pa. 483; Ege v. Koontz, 3 Pa. 109; Speise v. McCoy, 6 W. & S. 485; Lackey v. Mercer County, 9 Pa. 318; Natcher v. Natcher, 47 Pa. 496; McCrickart v. Pittsburg, 88 Pa. 133.

A voluntary payment cannot be recovered back, and, of course, cannot be the subject of a set-off, which is but a cross action: Steel v. Arnold, 8 W. N. C. 249; Montgomery's App., 92 Pa. 202.

*R. P. Swank* and *A. D. Knittle*, for appellee.—The borough is estopped from now alleging that the acceptance of said $100 was an illegal act, and demanding the payment of penalties by defendant for not paying a license fee of $3.00 per day: Kneeland v. Gilman, 24 Wis. 39; Martel v. East St. Louis, 94 Ill. 67; Oshkosh v. State, 59 Wis. 425 (18 N. W. Repr. 324); Bank of U. S. v. Dandridge, 25 U. S. 64; Hasbrouck v. Milwaukee, 21 Wis. 217; Railway Co. v. McCarthy, 96 U. S. 258; Daniels v. Tearney, 102 U. S. 415.

Where money is paid borough with notice that same is paid as a settlement in full, it cannot retain possession of same against protest of payer without accepting same as a settlement in full: Washington Nat. Gas Co. v. Johnson, 123 Pa. 576.

OPINION BY MR. JUSTICE ELKIN, April 10, 1911:

If the parties had acted wisely the matters in litigation here would have been adjusted by themselves without asking the intervention of the courts. The controversy grows out of the attempt of the appellant borough to exact a license fee each day for giving theatrical exhibitions by appellee. The ordinance of 1905, among other things, provides that no theatrical exhibition shall be given in said borough without a license and that the license fee shall be $3.00 per day. Appellee gave 306 theatrical exhibitions on separate days and the borough demanded a license fee for each day on which these exhibitions were given. The right of the borough to exact a license fee in the sum of $3.00 for each consecutive day for a period of time covering almost a year was disputed and the justice of such a demand was seriously questioned. The borough council, evidently impressed by the equities suggested, undertook to grant relief by providing for the payment of an annual license fee of $100. An ordinance was duly passed by the council and advertised providing for the granting of an annual license. Appellee presumably acting upon the assumption that this was a valid ordinance paid to the borough authorities the annual license fee. In the meantime the burgess vetoed the ordinance and the borough council refused to direct the issuance of the annual license. Appellee was notified of this refusal and of the invalidity of the ordinance under which payment of the annual license fee had been made. At the meeting when the veto message of the burgess was read the borough council passed a resolution accepting the $100 in payment of the annual license fee. The money had been paid to and was held by an officer of the borough council at that time. Subsequently the husband of appellee demanded the return of the $100 which was refused. After some contention the secretary of council paid the money to the borough treasurer in whose hands it has remained from that time to the present. After the veto of the ordinance providing for the granting of an annual license the borough authorities

demanded the $3.00 a day license fee under the ordinance of 1905, with which demand appellee refused to comply. The ordinance of 1905 also provided a penalty of not less than $5.00 nor more than $25.00 for each offense violating any of its provisions. The borough then brought suit to collect the penalty for failure to take out and pay for the day license. This suit was tried first before a justice of the peace, then appealed to the court of common pleas and finally to the Superior Court. It was decided in favor of the borough: Mahanoy City Boro. v. Hersker, 40 Pa. Superior Ct. 50. While the appeal was pending in the courts appellee tendered payment of a license fee at the rate of $3.00 for each day on which a theatrical exhibition had been given, upon the condition that if the suit was decided in her favor the money so tendered should be returned to her. Council refused the conditional tender and thus matters stood until the case was decided. After the opinion in that case had been handed down by the Superior Court affirming the judgment of the court below, appellee tendered to the burgess $958.22, being the amount of the unpaid license fees, the judgment, interest and costs in the suit which had been decided against her. The burgess refused the tender and she then paid the money to the borough treasurer. While the appeal was pending in the Superior Court appellee filed a bill in the court below asking that appellant be restrained from bringing a multiplicity of suits for penalties until the questions in dispute were finally decided. The injunction issued and no further suits were instituted until after the Superior Court had handed down its opinion. The present suit was then brought to collect a penalty for each day on which a theatrical exhibition was given without having first obtained a license. The case was tried in the court below and a verdict returned in favor of the defendant, on which verdict a judgment was entered. The assignments of error raise many questions relating to the theory upon which the case was tried and the rulings of the trial judge in disposing of the questions involved. No useful purpose will

be served by discussing the numerous specifications of error. We agree that the legal rights of the parties were not clearly defined in the instructions to the jury and that some technical errors were committed in submitting the questions at issue. The case was made to turn upon the equitable rather than upon the legal rights of the parties. The suit was brought to collect penalties, and if it could be sustained at all, the question for the jury to determine was what the amount of the penalties should be. It was not a suit to collect the unpaid license fees. If under the circumstances the license fees were paid at such a time and in such a manner as to satisfy the requirements of the ordinance, there could be no recovery of the penalties. On the other hand, if under the facts, the license fees were not paid, suit was properly brought to collect the penalties, unless the borough was estopped by reason of what occurred from asserting its right to collect them. The case was not tried upon this theory, but the jurors were instructed, if they found in favor of appellant on the question of collecting the penalties, they should set off against whatever sum they found to be owing on account of the penalties, the amount of fees paid to the borough treasurer. The verdict cannot be sustained upon this theory of the case. The position of the appellee here is that the borough is estopped under all the facts developed at the trial from collecting the penalties. There is no doubt that the doctrine of estoppel applies to municipal as well as to private corporations and persons. Text writers and courts very generally take this view of the application of the doctrine. Whether a municipal corporation is estopped by the acts of its officers depends upon the facts in each particular case. It is often difficult to determine whether the facts relied on are sufficient to warrant a court in holding that the municipality is estopped. The case at bar is a good illustration of this difficulty. The voluntary payment of the unpaid license fees after the termination of the former suit to the borough treasurer after refusal of the council to accept the sum tendered, might not itself be

sufficient to estop the borough council. It may, however, be considered in connection with other facts in arriving at a proper conclusion. The payment of the annual license fee raises a different question. It is true that the ordinance providing for the granting of an annual license was vetoed by the burgess and therefore never was in force. Notwithstanding this situation the borough council did pass a resolution to accept the $100 in full payment of the annual license and the borough has retained this money in its treasury from that time to the present. The borough now has in its treasury the annual license fee, all of the day license fees, the judgment, interest and costs of the former suit, amounting to more than $1,000. The borough authorities were clearly at fault in advertising the annual license ordinance before its approval by the burgess and this may have misled appellee. It was certainly the duty of the borough to return this money if they intended to deny the right of appellee to give theatrical exhibitions in pursuance thereof. This was not done and no sufficient reason is given why the money was not returned. It will not do for the borough council to say this matter was beyond its control. It was originally paid to an officer of council and was by its secretary paid over to the treasurer after the resolution had been passed accepting it in full payment of the annual license fee. The payment to the treasurer must be considered under all the circumstances as the act of council. The payment of the $3.00 a day license fee was not made before each performance was given, but this was accounted for upon the ground that the right of the borough to impose the fee was challenged and the controversy was then pending in the courts. As soon as the validity of the ordinance was declared by the courts, all of the license fees were paid. There is now in the borough treasury not only the license fees based upon the number of days the exhibitions were given but in addition the annual license fee covering the same period of time. Taking into consideration all these facts no violence is done the rule by holding that the borough is estopped

from making further collections on account of this much litigated and vexatious matter. On this ground the judgment of the court below is affirmed.